SWILLEY v. J. I. CASE THRESHING MACH. CO. et al.   (No. 7372.)

(Court of Civil Appeals of Texas. Galveston. June 28, 1917. Rehearing Denied Oct. 4, 1917.)

MUNICIPAL CORPORATIONS ☞671(4) — OBSTRUCTION OF STREETS—DAMAGES.

In a suit to have a strip of land declared a public street by prescription, and for $400 damages, caused plaintiff by reason of its obstruction, where the evidence showed that the owner of the fee conveyed a strip 12½ feet wide to the city for street purposes, and that the adjoining owner conveyed a strip of similar width, making a street 25 feet wide leading to the street on which plaintiff's property abutted and giving him ingress to and egress from his property, a finding that he suffered no such damages as alleged was warranted.

Error from District Court, Harris County; W. L. Cook, Special Judge.

Suit by W. S. Swilley against the J. I.

Case Threshing Machine Company and another. From a judgment for defendants, plaintiff brings error. Affirmed.

Tharp & Tharp, of Houston, for plaintiff in error. A. B. Wilson and J. C. Hutcheson, Jr., both of Houston, for defendants in error.

LANE, J. This suit was brought by W. S. Swilley, hereinafter called plaintiff, against J. I. Case Threshing Machine Company and the city of Houston, to have a strip of land 68 feet wide and 260 feet long, extending from Commerce street to Magnolia street of said city of Houston, declared a public street by prescription.

Plaintiff in substance alleges that he is the owner of a part of block 35, which fronts south on Magnolia street, and that he has been such owner ever since 1899, and that the strip of land in question has, at all times since 1899, been open and unfenced and not otherwise occupied by any one since said date, until the 15th day of June, 1912, at which time the defendant Case Threshing Machine Company fenced 43 feet thereof off the east side; that said vacant strip was known as Broadway street at the time he purchased his property and has been so known for a great number of years; that said strip was a part of blocks 43 and 44 of the Williams survey; that the same had been continually used as a public street since 1861; that the city of Houston conspired with said Case Threshing Machine Company to deprive plaintiff and the public of the use of said strip as a street; that it consented that said Case Threshing Machine Company might fence said 43 feet off the east side of said strip, or street, and by deed conveyed to said company said 43 feet. His prayer was for $400 damages by reason of the construction of the fence inclosing said 43 feet off the east side of said strip, for a decree of the court adjudging the whole of said strip to be a public street, and for a mandatory injunction requiring defendants to remove said fence therefrom and restraining the further obstruction thereof.

Defendant Threshing Machine Company demurred generally and specially, and pleaded two-year statute of limitation, and entered a general denial, and alleged that the use of part of block 43 by the public was indiscriminate as to any specific portion of said block, and that no certain portion thereof was used as a street; that it owns 97 by 262 feet off the west half of block 43, and that Downey owns the east half of block 44 adjoining; that its property was vacant, unused, and unimproved, but had been used by the public indiscriminately, as was the custom in the city of Houston. It denies that a street had previously existed, but says that Downey and the Threshing Ma-

chine Company dedicated a strip 25 feet wide extending from Commerce street north the length of blocks 43 and 44, and the city of Houston quitclaimed to the Threshing Machine Company all the west half of block 43, except 12½ feet by 260 feet (the east half of the 25-foot street dedicated). Said defendant also alleges that plaintiff did not acquire the property owned by him in block 35 from the owners of block 43 or 44, and is not the owner of any fee in the street alleged to have been established by prescription. City of Houston filed demurrers, plea of limitation and adopted the answers of its codefendant.

The case was tried before the court without a jury. Judgment was rendered for defendants, and from this judgment plaintiff has appealed.

The effect of all of the assignments of error is that the court erred in finding that plaintiff and the public had not acquired an easement over the full width of the strip of land in controversy, because the undisputed evidence conclusively shows that an easement or public street, known as Broadway, extending north from Commerce street 68 feet wide and 260 feet long, embracing the strip of land in controversy was acquired by the public as a public street, and that the same still exists as such.

There is evidence to show that J. I. Case Threshing Machine Company (one of defendants in error) purchased the west one-half of block 43 of the S. M. Williams survey in the city of Houston, Harris county, Tex., in 1910; that plaintiff in error was the owner at that time of a part of block 35 of the S. M. Williams survey, located and situated north of block 44 of said survey and separated therefrom by Magnolia street, and resided on the property; that defendant in error, learning of the contention that plaintiff in error claimed a part of the property purchased by defendant in error, was a street by way of prescription, and defendant in error, desiring a street or passageway on the west side of the property, adjoining Downey's property in block 44 of said survey, and the said Downey desiring a street or passageway, defendant in error and said Downey entered into an agreement with the city of Houston, by which defendant in error and Downey each conveyed to the city of Houston for street purposes 12½ by 260 feet off of the west side of block 43 and the east side of block 44 of said survey, which runs directly from Commerce avenue to Magnolia street, situated south of plaintiff in error's property in block 35; said conveyance to the city of Houston being made by the J. I. Case Threshing Machine Company (defendant in error), and the said Downey to afford them means of ingress and egress to their property and which was accepted by the city of Houston, as shown by a city ordinance passed July 14, 1911, for the purpose of definitely acquiring an undisputed street or roadway.

The undisputed evidence shows that the Case Company owned the fee to the 43 feet of the land fenced by it and 12½ feet which it conveyed to the city of Houston for street purposes, and that Downey owned the fee to the other 12½ feet of said land on the west side thereof which he conveyed to said city for street purposes, and that there is now, by reason of said conveyances, a street 25 feet in width dividing block 43 and 44, which extends from Commerce street to Magnolia street on which plaintiff's property abuts, and which gives him ingress and egress to and from his property. This evidence was sufficient to warrant the trial court in finding that plaintiff suffered no such damages as alleged by him. The evidence also shows that plaintiff neither has or claims any title to the fee in any portion of the strip of land in controversy. It also shows that Magnolia street lies between plaintiff's property, and said land, and that his property therefore does not abut on said land:

The evidence as a whole is sufficient to warrant the trial court in finding that only a part of the land in controversy less than 25 feet in width was used by the public as a thoroughfare, and that said part so used lies on the western side of said strip of land and is now embraced in said 25-foot street, and that there has been no such use of that part of said strip of land fenced by the Case Company as would establish it as any part of a street.

We think the evidence as a whole supports the judgment of the trial court, and therefore the same is in all things affirmed.

Affirmed.